IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 09-09720 |
| KEITH M. KEATING, | ) | Honorable Eugene R. Wedoff |
| | ) | |
| Debtor. | ) | Hearing Date:  May 4, 2010 |
| | ) | Hearing Time:  9:30 a.m. |

**NOTICE OF TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING
SETTLEMENT OF RELATED ADVERSARY PROCEEDING NO. 09-01155**

To:    Attached Service List

**PLEASE TAKE NOTICE** that on **Tuesday, May 4, 2010** at **9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Eugene R. Wedoff in Courtroom 744 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois and shall then and there present the **Trustee's Motion for Entry of an Order Approving Settlement of Related Adversary Proceeding No. 09-01155**, a copy of which is attached hereto and served upon you, at which time and place you may appear as you see fit.

| | |
|---|---|
| Dated:  April 12, 2010 | R. SCOTT ALSTERDA, not individually but solely as Chapter 7 Trustee for the Bankruptcy Estate of Keith M. Keating, Debtor |
| | By:  /s/ Patrick F. Ross
          One of his attorneys |

Of Counsel:
R. Scott Alsterda (ARDC No. 3126771)
Patrick F. Ross (ARDC No. 6296461)
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone:  312-977-4400
Facsimile:  312-977-4405

1656521-3

## CERTIFICATE OF SERVICE

       I, Patrick F. Ross, the undersigned attorney, hereby certify that I caused to be served true and correct copies of the foregoing Notice of Motion and **Trustee's Motion for Entry of an Order Approving Settlement of Related Adversary Proceeding No. 09-01155** upon the following individuals by CM/ECF before the hour of 5:00 p.m. on April 12, 2010:

Counsel for the Debtor
David P Leibowitz, ESQ
Leibowitz Law Center
420 Clayton Street
Waukegan, IL 60085-4232
847-249-9100
Email: dleibowitz@lakelaw.com

Counsel for Keith Keating
Richard L Hirsh
Richard L Hirsh & Associates PC
1500 Eisenhower Lane
Suite 800
Lisle, IL 60532
630-434-2600
Fax : 630 434-2626
Email: richala@sbcglobal.net

Counsel for Standard Bank & Trust Co.
William J. Bryan
17926 Dixie Highway
Homewood, IL 60430
708 957-2574
Fax : 708 957-8588
Email: wjblaw@sbcglobal.net

Chapter 7 Trustee
R Scott Alsterda
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, IL 60602
312 977-4400
Fax : 312 977-4405
Email: rsalsterda@uhlaw.com

U.S. Trustee
William T Neary
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785
Email: USTPRegion11.ES.ECF@usdoj.gov

Counsel for Karen Keating and Kristen Catino
Richard H Chapman
Clark Hill PLC
150 N. Michigan Ave., Ste. 2400
Chicago, IL 60601
(312) - 9855900
rchapman@clarkhill.com

Counsel for American Chartered Bancorp d/b/a American Chartered Bank
Gary E. Green (ggreen@clarkhill.com)
Adam C Toosley (atoosley@clarkhill.com)
Clark Hill PLC
150 North Michigan Avenue
Suite 2400
Chicago, IL 60601
312 985-5900
312 985-5999 (fax)

Counsel for West Suburban Bank
Gina B Krol, ESQ
Cohen & Krol
105 West Madison Street #1100
Chicago, IL 60602
312.368.0300
312.368.4559 (fax)
kingkrol@aol.com

1656521-3

2

| | |
|---|---|
| Counsel for CitiMortgage, Inc. | Counsel for Bridgeview Bank Group |
| Terri M Long | Steven R Radtke |
| Law Office of Terri M. Long | Chill Chill & Radtke P C |
| 18201 Morris Avenue | 79 W. Monroe Street |
| Homewood, IL 60430 | Suite 1305 |
| 708 922-3301 | Chicago, IL 60603 |
| (708) 922-3302 (fax) | 312-346-1935 |
| tmlong@tmlong.com | 312 346-2138 (fax) |
| | sradtke@chillchillradtke.com |

and upon the individuals on the following Service List by first class U.S. mail, postage prepaid, by depositing same in the mailbox located outside 3500 Three First National Plaza, Chicago, Illinois 60602 before the hour of 7:00 p.m. on April 12, 2010.

By:   /s/ Patrick F. Ross

## SERVICE LIST

| | |
|---|---|
| American Express<br>P.O. Box 0001<br>Los Angeles, CA 90096-8000 | American Express Bank, FSB<br>P.O. Box 3001<br>Malvern, PA 19355-0701 |
| Bank of America<br>c/o Vedder Price<br>222 N. LaSalle Street<br>Chicago, IL 60601-1003 | Bloomfield Partners LLC<br>700 W. Van Buren<br>Chicago, IL 60607-3617 |
| Chase Bank USA, N.A.<br>P.O. Box 15145<br>Wilmington, DE 19850-5145 | Cardmember Services<br>P.O. Box 94014<br>Palatine, IL 60094-4014 |

1656521-3                                                                 3

| | |
|---|---|
| CitiMortgage, Inc.<br>P.O. Box 829009<br>Dallas, TX 75382-9009 | Citibank – Line of Credit<br>P.O. Box 209012<br>Brooklyn, NY 11220-9012 |
| Freeborn & Peters LLP<br>311 S. Wacker Drive<br>Suite 3000<br>Chicago, IL 60606-6679 | Illinois Department of Revenue<br>P.O. Box 19042<br>Springfield, IL 62794-9042 |
| Geraldine Keating<br>424 Eagleton Cove Way<br>Palm Beach Gardens, FL 33418-8489 | Joseph M. Keating Trust<br>424 Eagleton Cove Way<br>Palm Beach Gardens, FL 33418-8489 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 21126<br>Philadelphia, PA 19114-0326 | M&I Bank<br>770 N. Water Street<br>Milwaukee, WI 53202-3593 |
| Kevin Keating<br>424 Eagleton Cove Way<br>Palm Beach Gardens, FL 33418-8489 | Scheer's Inc.<br>601 Oakmont Lane<br>Suite 400<br>Westmont, IL 60559-5570 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 09-09720 |
| KEITH M. KEATING, | ) | Honorable Eugene R. Wedoff |
| | ) | |
| Debtor. | ) | Hearing Date:  May 4, 2010 |
| | ) | Hearing Time:  9:30 a.m. |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING
SETTLEMENT OF RELATED ADVERSARY PROCEEDING NO. 09-01155**

NOW COMES R. Scott Alsterda ("Trustee"), not individually but solely as Chapter 7 Trustee for the Bankruptcy Estate (the "Estate") of Keith M. Keating (the "Debtor"), and moves this Court for the entry of an Order approving pursuant to Bankruptcy Rule 9019(a) a Settlement and Mutual General Release Agreement among the Trustee and Colleen E. Keating ("Ms. Keating") resolving Adversary Proceeding No. 09-01155 filed by the Trustee against Ms. Keating (the "Motion").  In support of the Motion, the Trustee states the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O).

**INTRODUCTION**

2. On March 21, 2009, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Petition Date").  The Trustee was appointed as the interim Chapter 7 Trustee for the Estate.

1656521-3

3. The Debtor's Section 341(a) meeting of creditors was held on April 30, 2009. On or about January 10, 2010, the Trustee filed his initial report of assets. The Court has set a deadline of April 12, 2010 by which all creditors must file proofs of claim.

## BACKGROUND

4. On or about December 18, 2007, approximately fifteen months before the Petition Date, the Debtor transferred his right, title, and interest in a parcel of real property commonly known as the Bloomfield Property by quit claim deed to Ms. Keating, who is the Debtor's wife.

5. On or about November 9, 2009, the Trustee filed a complaint against Ms. Keating, styled *R. Scott Alsterda, not individually but solely as Chapter 7 Trustee for the Bankruptcy Estate of Keith M. Keating, Debtor v. Colleen E. Keating* as Adversary No. 09-01155 (the "Adversary Proceeding"), seeking to avoid the Debtor's prepetition transfer of the Bloomfield Property to Ms. Keating as a fraudulent transfer pursuant to 11 U.S.C. §§ 544 and 548, Wisconsin Statutes Sections 242.04 and 242.05, and Chapter 720 of the Illinois Compiled Statutes Sections 160/5 and 160/6 and to recover the Bloomfield Property or its value from Ms. Keating pursuant to 11 U.S.C. § 550.

6. On or about January 25, 2010, Ms. Keating filed her Answer to the Adversary Proceeding. In her Answer, Ms. Keating denies all allegations of fraudulent transfer.

7. Since then, Ms. Keating and the Trustee have agreed to a Settlement and Mutual General Release Agreement (the "Agreement") that resolves the claims at issue in the Adversary Proceeding, as well as releases one another from all present and future, known and unknown claims and causes of action. A copy of the Agreement is attached hereto as <u>Exhibit A</u> and made a part hereof.

1656521-3

2

8. The central terms of the Agreement are as follows:

(a) Ms. Keating will pay the Trustee on behalf of the Estate the sum of $25,000, which payment will be due upon the date an order is entered by the Court approving the Agreement (Ex. A ¶ 2);

(b) Upon the entry of an order approving the Agreement and Ms. Keating's payment in full of the settlement amount, the Trustee will be deemed to release all claims the Estate has against Ms. Keating (¶ 3). The Trustee will then submit an order to the Court dismissing the complaint against Ms. Keating in the Adversary Proceeding with prejudice and will release all lis pendens (¶ 3); and

(c) Upon the entry of an order approving the Agreement, the dismissal of the complaint against Ms. Keating with prejudice, and the Trustee's release of all lis pendens, Ms. Keating will be deemed to release all claims she may possess now or in the future (¶ 4).

## REQUEST FOR RELIEF

9. The Trustee hereby respectfully requests that the Court enter an order approving the Agreement and authorizing the Trustee to perform all actions necessary to effectuate its terms and purpose.

10. This Court should approve the Agreement because it is in the best interests of the Estate and its creditors. Generally, a proposed settlement should be approved if it is in the best interests of the bankruptcy estate. *In re Del Grosso*, 106 B.R. 165, 167 (Bankr. N.D. Ill. 1989). The Seventh Circuit has adopted a two-pronged test for determining whether a proposed compromise is in the best interests of the bankruptcy estate. *In re Energy Co-op, Inc.*, 886 F.2d 921 (7th Cir. 1989); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bank. N.D. Ill. 1994). First, the court should compare the terms of the settlement with the probable costs and benefits of litigation. Second, the court should determine whether the settlement falls within the reasonable range of litigation possibilities. The latter determination should be weighted in favor of settlement and a challenged settlement will fail the test only if it falls below the lowest point in the range of reasonableness. *Id.* at 553.

1656521-3

3

11. The Debtor listed the Bloomfield Property on his bankruptcy Statement of Financial Affairs as having a market value of $455,000 subject to a lien in the amount of $392,000 and accrued, unpaid taxes in the amount of $11,000 [Docket No. 1 at 35]. Based on independent research into comparable sales, the Trustee believes that the value of the Bloomfield Property may be as high as $500,000, however, that research also revealed that current economic conditions and the real estate sales market in Bloomfield, Wisconsin could make a hypothetical sale of the vacant lot Bloomfield Property difficult now. Additionally, the Trustee is informed and believes that the mortgage on the Bloomfield Property is currently around $425,000 and growing and that the real estate taxes are still delinquent on the Bloomfield Property.

12. In making his decision to settle the Adversary Proceeding for $25,000 and a mutual general release, the Trustee carefully considered the facts and circumstances, strengths and weaknesses, and likely costs and outcomes of the Adversary Proceeding, as well as the insolvency issues disputed by Ms. Keating. The Trustee believes that the Agreement falls within the reasonable range of litigation possibilities.

13. Although the claims bar deadline will not pass until the end of today, April 12, 2010, the Trustee also considered the current total amount of claims. At present, six proofs of claim have been filed against the Estate, however, one of those claims was subsequently withdrawn by the creditor. If the Agreement is approved, the Trustee will be able to make a partial distribution to creditors.

**NOTICE**

14. Pursuant to Bankruptcy Rules 2002(a)(3) and 9019(a), the Trustee is required to provide the Debtor, the United States Trustee, and all creditors and parties-in-interest with 21-days' notice of the Motion. As stated in the Certificate of Service, the Trustee has served a copy of the

1656521-3                                    4

Motion on all parties registered with CM/ECF as well as those listed on the Debtor's creditor matrix who are not represented by counsel registered with CM/ECF in this case. In light of the relief requested the Trustee requests that this Court approve the form and manner of notice provided for in the Motion as sufficient and waive and dispense with any further notice requirements.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

    A. granting the relief requested in the Motion;

    B. approving the Settlement and Mutual General Release Agreement; and

    C. granting the Trustee such other relief as may be just and appropriate.

Dated: April 12, 2010

R. SCOTT ALSTERDA, not individually but solely as Chapter 7 Trustee for the Bankruptcy Estate of Keith M. Keating, Debtor

By: /s/ Patrick F. Ross
    One of his attorneys

Of Counsel:
R. Scott Alsterda (ARDC No. 3126771)
Patrick F. Ross (ARDC No. 6296461)
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone: 312-977-4400
Facsimile: 312-977-4405